**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1.  ST CONSTRUCTION INC. d/b/a Bigg Papa's, a domestic corporation,<br><br>          Plaintiff,<br><br>v.<br><br>1.  COLONY INSURANCE COMPANY, a Foreign For Profit Insurance Corporation,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. CIV-15-1140-L<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### A.   Parties

1. Plaintiff, ST Construction Inc., is a domestic corporation incorporated and organized under the laws of the State of Oklahoma.

2. The principal place of business for ST Construction Inc. d/b/a Bigg Papa's is Newcastle, Oklahoma.

3. Defendant, Colony Insurance Company, is a foreign for profit insurance corporation incorporated and organized under the laws of the State of Virginia.

3. The principal place of business for Defendant, Colony Insurance Company, is San Antonio, Texas.

4. The Defendant, Colony Insurance Company, is licensed to conduct business in the state of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

5. This action is not related to any other case filed in this Court.

## B. Jurisdiction

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. Facts

7. At all times material hereto, the Plaintiff, ST Construction Inc. d/b/a Bigg Papa's, owned a restaurant and building located at 628 N. Main Street, in Newcastle, Oklahoma.

8. On or about October 2, 2014, Plaintiff's restaurant and building were damaged as a result of a fire.

9. At all times material hereto, the Plaintiff, ST Construction Inc. d/b/a Bigg Papa's, was insured under the terms and conditions of an insurance policy, policy number MP 3985368-0, issued by the Defendant, Colony Insurance Company.

10. At all times material hereto, Plaintiff, ST Construction Inc., complied with the terms and conditions of its insurance policy.

11. The fire which forms the basis of this action is a covered peril not otherwise excluded pursuant to the terms and conditions of the policy issued by the Defendant.

## D. Count I Breach of Contract

12. Plaintiff, ST Construction Inc., hereby asserts, alleges and incorporates

paragraphs 1-11 herein.

13.     The property insurance policy No. MP 3985368-0, issued by Defendant, Colony Insurance Company, was in effect on October 2, 2014.

14.     The acts and omissions of Defendant, Colony Insurance Company, in the investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual and extra-contractual damages are hereby sought.  Defendant breached its contract with Plaintiff by unreasonably failing to properly inspect, adjust, or otherwise issue adequate payment for covered damages to Plaintiff's restaurant structure and business personal property. Plaintiff requested that structural components and fixtures be added to its claim, as well as items of business personal property, so that the claim could be properly adjusted and paid pursuant to the terms and conditions of the Plaintiff's insurance policy. Despite the fact that Plaintiff requested this supplement mere months after the fire, Defendant unreasonably refused to allow these items to be added and refused to properly adjust these covered damages.  Defendant also unreasonably breached its contract by refusing to discuss directly with the Plaintiff structural items and fixtures missing from the claims payment. Defendant further unreasonably refused to accept documentation of damaged items and supplements directly from Plaintiff requiring Plaintiff to resubmit damaged items through a contractor. Defendant unreasonably breached its contract with Plaintiff by failing to pay for covered damages to

Plaintiff's property.

15.     Defendant breached its contract with Plaintiff and acted unreasonably by forcing Plaintiff to sign a release in order to receive policy benefits, including structural components and fixtures that were clearly damaged as a result of the fire as well as undisputed payments for recoverable depreciation, which were due and owing pursuant to the terms and conditions of Plaintiff's insurance policy. Defendant unreasonably refused to issue payment to Plaintiff on its claim unless Plaintiff's representatives signed a release of all claims. When Plaintiff's representatives indicated that they would not sign the release, Defendant's claims adjuster told Plaintiff that Defendant would not issue any further payment without Plaintiff signing a release. Because Defendant unreasonably required Plaintiff to sign a release, Plaintiff was forced to perform and pay for additional repairs that should have been covered and paid for by the Defendant pursuant to the terms and conditions of the policy issued by Defendant. Defendant violated the Oklahoma Unfair Claims Settlement Practices Act by forcing Plaintiff to execute a release in order to receive its policy benefits. *Okla. Stat. tit. 36 Sec. 1250.5 Acts by an Insurer Constituting an Unfair Claim Settlement Practice*. Defendant's conduct amounts to a breach of the contract and bad faith.

### E. Count II Bad Faith

16.     Plaintiff, ST Construction Inc., hereby asserts, alleges and incorporates

paragraphs 1-15 herein.

17. The acts and omissions of the Defendant, Colony Insurance Company, in the investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought. Defendant acted in bad faith by unreasonably failing to properly inspect, adjust, or otherwise issue adequate payment for covered damages to Plaintiff's restaurant structure and business personal property. Plaintiff requested that structural components and fixtures be added to its claim, as well as items of business personal property, so that the claim could be properly adjusted and paid pursuant to the terms and conditions of the Plaintiff's insurance policy. Despite the fact that Plaintiff requested this supplement mere months after the fire, Defendant unreasonably refused to allow these items to be added and refused to properly adjust these covered damages. Defendant also unreasonably breached its contract and acted in bad faith by refusing to discuss directly with the Plaintiff structural items and fixtures missing from the claims payment. Defendant further unreasonably refused to accept documentation of damaged items and supplements directly from Plaintiff requiring Plaintiff to resubmit damaged items through a contractor. Defendant unreasonably breached its contract with Plaintiff by failing to pay for covered damages to Plaintiff's property.

18. Defendant breached its contract with Plaintiff and acted unreasonably and in

bad faith by forcing Plaintiff to sign a release in order to receive policy benefits, including structural components and fixtures that were clearly damaged as a result of the fire as well as undisputed payments for recoverable depreciation, which were due and owing pursuant to the terms and conditions of Plaintiff's insurance policy. Defendant unreasonably refused to issue payment to Plaintiff on its claim unless Plaintiff's representatives signed a release of all claims. When Plaintiff's representatives indicated that they would not sign the release, Defendant's claims adjuster told Plaintiff that Defendant would not issue any further payment without Plaintiff signing a release. Because Defendant unreasonably required Plaintiff to sign a release, Plaintiff was forced to perform and pay for additional repairs that should have been covered and paid for by Defendant pursuant to the terms and conditions of the policy issued by Defendant. Defendant violated the Oklahoma Unfair Claims Settlement Practices Act by forcing Plaintiff to execute a release in order to receive its policy benefits. *Okla. Stat. tit. 36 Sec. 1250.5 Acts by an Insurer Constituting an Unfair Claim Settlement Practice*. Defendant's conduct amounts to a breach of the contract and bad faith.

19. The Defendant further acted unreasonably and in bad faith by forcing Plaintiff to file a lawsuit to recover policy benefits that are due and owing pursuant to the terms and conditions of Plaintiff's insurance policy.

### F. Count III Punitive Damages

20.     Plaintiff, ST Construction Inc. d/b/a Bigg Papa's, hereby asserts, alleges and incorporates paragraphs 1-19 herein.

21.     The unreasonable conduct of the Defendant, Colony Insurance Company, in the handling of Plaintiff's claim was intentional, willful, wanton and was committed with a reckless disregard for the rights of the Plaintiff for which punitive damages are hereby sought.

### G. Demand for Jury Trial

22.     The Plaintiff, ST Construction Inc., hereby requests that the matters set forth herein be determined by a jury of its peers.

### H. Prayer

23.     Having properly pled, Plaintiff, ST Construction Inc., hereby seeks contractual, bad faith and punitive damages against the Defendant, Colony Insurance Company, all in an amount in excess of $75,000.00; including costs, interest and attorney fees.

Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 013167
McGrew, McGrew & Associates, PC
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEYS FOR THE PLAINTIFF**